WILLIAM H. HILL, APPELLANT, v. THE PEEKSKILL SAVINGS BANK AND OTHERS, RESPONDENTS.

*Town bonds, issued under chapter 146 of 1880, to replace outstanding bonds — the validity of the original bonds does not invalidate the bonds issued to replace them — presumption that public officers not concurring in the proceedings met and consulted with the others.*

APPEAL from a judgment, entered upon the decision of the Wyoming County Special Term, dismissing the plaintiff's complaint, with costs, for the reason that it did not state facts sufficient to constitute a cause of action.

The action was commenced in November, 1880, by the plaintiff, as a taxpayer, for the purpose of procuring a judgment ordering the cancellation of certain outstanding bonds, issued by the railroad commissioners for the town of Attica, Wyoming county, under the provisions of chapter 146 of 1880, in exchange for outstanding bonds, some of which were held by the defendant, the Peekskill Savings Bank. On the first trial the bonds were ordered canceled as illegal and void and the judgment was affirmed at General Term.

Upon the appeal to the Court of Appeals the same was reversed and a new trial ordered.   (101 N. Y., 490.)

On the first trial of this action the court at General Term held, that the first issue of the bonds was unauthorized, and the same were illegal and void for the reason that the court in which the proceedings were instituted had failed to acquire jurisdiction of the subject-matter, because the petition presented to the court did not show that the petitioners were a majority of the taxpayers of the town, excluding those taxed for dog and highway taxes only. (Laws of 1869, chap. 907; and also the act of 1871, chap. 925, amendatory thereof.)    The Court of Appeals, conceding for the purpose of disposing of the appeal then pending, that the first bonds were void for that reason, reversed the judgment, holding that the legislature, by the passage of the act of 1880, intended to authorize the exchange to be made in all cases where the facts corresponded with those set forth in the complaint.

The justice delivering the opinion at the General Term, after holding that this question having been decided by the Court of Appeals could not be considered on this appeal, adds : " It has been argued by the appellant's counsel that the Court of Appeals intended only to pass upon a question of evidence, and reversed the judgment because competent evidence was rejected.   In this, we think, he is altogether mistaken.

" The complaint avers that the bonds in suit were issued by the railroad commissioners, and, as was claimed by them, in pursuance of the provisions of the enabling act of 1880 (chap. 146).   Under that act the town of Attica was authorized to issue new bonds in amount sufficient to cover the principal and interest unpaid on the bonds retired.   The action was prosecuted upon the assumption that the holders of the first bonds claimed when the exchange took place that they were valid and enforceable, a position which the present holder has sought to maintain in its argument before us. The appellant now, for the first time, presents the argument that the bonds in question are invalid for the reason that they were issued by two of the commissioners only.   No charge is made in the complaint that the third commissioner did not attend the meeting of the board and concur in making the exchange.   In the original act (Laws of 1869, chap. 907), which authorized the appointment of

railroad commissioners, at a meeting of which all had notice, a majority of whom should constitute a quorum, and might exercise the power of the commission. This statute effects a change of the common-law rule on the subject, which required that, in the exercise of a public as well as a private authority, whether it be municipal or judicial, all the persons to whom it is committed must confer and act together; and where the duty to be performed is of a public character, and the number is such as to admit of a majority, their action will bind the minority after all have duly met and conferred. In cases where that rule prevails, when nothing appears to the contrary, it is to be presumed that the person or persons who did not concur in the proceedings met and consulted with those who did. (*Doughty* v. *Hope*, 3 Denio, 249 ; *Downing* v. *Rugar*, 21 Wend., 178 ; *Miller* v. *Garlock*, 8 Barb., 153 ; *Tucker* v. *Rankin*, 15 id., 471.)

" The statute does not prescribe how it shall be made to appear that the non-attending or non-concurring commissioners had notice of the meeting and the object and purpose of the same. We think the legal presumption is, until the contrary is made to appear, that the non-concurring members of the board had due notice, and that the majority were authorized to act. The case of *The People* v. *Williams* (36 N. Y., 441) decides nothing to the contrary. That case arose under the statute defining the powers and duties of highway commissioners, and was as follows : 'Any two commissioners of highways of any town may make an order in execution of the powers conferred in this title, provided it shall appear in the order filed by them, that all the commissioners of highways of the town met and deliberated on the subject embraced in such order, or were notified to attend a meeting of the commissioners for the purpose of deliberating thereon.' (1 R. S., 525, § 125.) There the statute prescribes the form of the order and made it necessary that it should appear upon the face of the same, that the third commissioner was notified, to authorize a majority of commissioners to act. It is to be presumed that all public officers discharged their duties in accordance with the requirements of the law until the contrary appeared. I am, therefore, of the opinion that it is to be presumed, as nothing to the contrary was averred in the complaint,

that the third commissioner had notice of the meeting when a majority of the commissioners made the exchange of bonds."

The judgment should be affirmed, with costs.

*Wadsworth & Loveridge,* for the appellant.

*L. W. & L. L. Thayer,* for the respondent, the Peekskill Savings Bank.

*I. Sam Johnson,* for the respondent, Reuben H. Farnham.

Opinion by BARKER, J., SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed, with cost.